UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-081-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DEANDRE LAMONT BLACKMAN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Deandre Lamont Blackman is currently serving a term of imprisonment of 50 months as a result of his involvement in a conspiracy to possess with intent to distribute controlled substances. [Record No. 168] This matter is pending for consideration of the Blackman's motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 270] Specifically, Blackman argues that his sentence should be reduced as a result of recent changes to the United States Sentencing Guidelines. After reviewing Blackman's motion and the record, the Court declines to reduce the defendant's sentence under the facts presented.[1]

---

1   The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

On June 6, 2013, a two-count Indictment was returned against Blackman and five other defendants.[2]  [Record No. 1]  Blackman was charged in Count One with conspiring to possess with intent to distribute heroin, cocaine, oxycodone, and hydrocodone in violation of 21 U.S.C. §§ 841 and 846.  These charges resulted from the discovery of controlled substances on March 15, 2013.  That night, police officers stopped a vehicle in Bourbon County, Kentucky.  A search of the occupants and the vehicle resulted in the discovery of marijuana and other controlled substances.  The occupants told the officers that they had just dropped off narcotics to individuals at a nearby Red Roof Inn.  Officers executed a search warrant of Room 256 of the motel.  The defendant was present in the room where officers found $2,298.00 and various controlled substances.  A search of Blackman's cell phone revealed photographs from March 12, 2015 through March 14, 2015, depicting distribution quantities of drugs and the defendant holding a firearm.

On September 5, 2013, Blackman pled guilty to Count One of the Indictment without a written Plea Agreement.  [Record No. 83]  As a result of his actions, the defendant was held responsible for 29.53 grams of cocaine, 77.741 grams of heroin, 49 oxycodone 30 mg tablets, and 50 tablets containing hydrocodone.

---

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.  As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011).  Instead, the district court has discretion to determine whether appointment of counsel is warranted.  Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

2   A Superseding Indictment was returned in this case on October 3, 2013; however, Blackman was not charged as a result of his earlier guilty plea. [Record No. 103]

Blackman's Base Offense Level was calculated as 24 under the 2013 guidelines. The defendant's objection to his Presentence Investigation Report ("PSR") was overruled during sentencing. [Record No. 200, pp. 14–16] He received a two-level increase for his possession of the firearm under U.S.S.G. § 2D1.1(b)(1). Blackman also received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Thus, his Total Offense Level was 23 and his non-binding guideline range for imprisonment was 46 to 57 months.

During the sentencing hearing held on February 5, 2014, the Court evaluated all relevant factors under 18 U.S.C. § 3553. Specifically, the Court noted the serious nature of the offense, the need to promote respect for the law, the need to provide a just punishment, and specific and general deterrence. [Record No. 200, p. 33] The defendant's attorney argued for a sentence below or at the bottom of the non-binding guideline range. [*Id.*, p. 23] Instead, however, the Court commenced its evaluation at the upper end of the range. However, the Court determined that the defendant's age (20 years old) and lack of a substantial criminal history were mitigating factors. [*Id.*, p. 34] As a result, a sentence of 50 months was imposed. The Court also recommended that the defendant participate in any available vocational training during incarceration. [*Id.*, p. 35]

The undersigned continues to believe that the sentence previously imposed is not greater than necessary to meet all statutory goals and objectives of 18 U.S.C. § 3553(a). The conspiracy at issue involved the importation of very serious drugs from out of state. This type of criminal activity is extremely detrimental to communities throughout the Eastern District of Kentucky. Therefore, a reduced sentence would not provide a just or appropriate punishment under the circumstances. Additionally, the defendant's criminal conduct,

coupled with the photographs chronicling the activity as it occurred, demonstrate a lack of respect for the law and a need for punishment sufficient to provide specific deterrence to Blackman and general deterrence to others inclined to engage in similar activities.  The Court has also considered the high costs of incarceration, but finds that cost does not outweigh the other considerations outlined above and discussed during the original sentencing hearing.  Accordingly, it is hereby

**ORDERED** that Defendant Deandre Lamont Blackman's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) [Record No. 270] is **DENIED**.

This 27th day of May, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge