UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 13-081-DCR |
| ) | |
| V. ) | |
| ) | |
| DEANDRE LAMONT BLACKMAN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Deandre Lamont Blackman has filed a motion to alter the conditions of his supervised release to remove the electronic monitoring condition and allow for interstate travel. [Record No. 476] Having considered the matter, the Court will not modify the conditions of supervised release because of Blackman's history of supervised release violations and the underlying offense conduct.

I.

Blackman was indicted in June 2013 for conspiring to possess with intent to distribute heroin, cocaine, oxycodone and hydrocodone in violation of 21 U.S.C. §§ 841 and 846. [Record No. 1] He pleaded guilty without a plea agreement and was sentenced to fifty months' imprisonment followed by a three-year term of supervised release. [Record Nos. 77, 168] The United States Court of Appeals for the Sixth Circuit later vacated Blackman's sentence, and Blackman was resentenced to forty-three months' imprisonment and a three years' of supervised release. [Record Nos. 291, 302]

- 1 -

Blackman commenced his term of supervision on July 12, 2016.  [Record No. 364] Blackman first term of supervision was revoked after he was stopped by law enforcement in Tennessee with a distributable quantity of marijuana.  [Record No. 432, p. 21]  He was sentenced on November 19, 2018, to six months' imprisonment and two years of supervised release.  [Record No. 372]  The Court allowed Blackman to continue on conditions of supervision through the holidays, but directed him to self-report for service of the term of incarceration by January 7, 2019.  [Record No. 372]

Less than 10 days later, Blackman's probation officer filed an additional Supervised Release Violation Report, indicating that Blackman violated his conditions of supervised release by intentionally diluting a urine sample. [Record No. 373]  As a result of this additional violation, his previously-imposed term of incarceration was extended by one month and the term of supervision was extended to three years.  [Record No. 380]  Blackman was released for a second term of supervised release after serving the term of incarceration imposed for these violations.

Unfortunately, on May 26, 2020, Blackman's probation officer filed another Supervised Release Violation Report because Blackman left the district without permission, failed to report police contact, and failed to complete the term of community service previously imposed as part of his release conditions.  [Record No. 429]   Blackman stipulated to the first two violations.  However, the Court dismissed the violation based upon his failure to complete community service because the time to comply had not yet expired.  [Record No. 419] Blackman was sentenced to eight months' imprisonment and three years of supervised release for his 2020 violations. [Record No. 421]  Relevant to his motion,  Blackman's conditions of supervised release included that (1) he be subject to location monitoring for the duration of his

term of supervision and (2) he cannot knowingly leave the federal judicial district where he resides without first obtaining permission from the Court or his probation officer. [Record No. 421, pp. 4-5]

Blackman was again returned to supervision on February 17, 2021. [Record No. 476] He has now filed a motion to modify the conditions of his supervised release, seeking to remove the condition of electronic monitoring and allow for interstate travel. [*Id.*] Blackman asserts that he has worked to revitalize his music career and has been offered the chance to tour with other performing artists. [*Id.* at 2.] But Blackman contends that his conditions of supervision prevent him from taking advantage of the work opportunities presented to him. [*Id.*] He also argues that his conditions of supervision "harshly limit" his ability to see his child, who lives in Lexington, Kentucky, and "to be the father he strives to be." [*Id.* at 3.] The United States opposes this motion, noting that (1) Blackman has not provided an explanation for why he could not request to travel interstate for work opportunities and still be subject to electronic monitoring and (2) he could seek to transfer his supervision from the Eastern District of Michigan to the Eastern District of Kentucky to be near his child who lives in Lexington. [Record No. 478]

## II.

This Court has discretion to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). In deciding whether to modify the conditions of supervision, the Court considers factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, deterrence, protecting the public, effective treatment options for the defendant, the sentencing range, any pertinent policy

statements, potential sentencing disparities, and restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Blackman's motion fails to address most of the required factors the Court must consider in determining whether to modify conditions of supervised release. And many of the factors weigh against modifying his conditions. Further, Blackman's arguments supporting the termination of the two conditions do not justify removing them.

First, "the nature and circumstances of the offense and the history and characteristics of the defendant" weigh against removing the two conditions of supervised release in issue. 18 U.S.C. § 3553(a)(1). Blackman's underlying offense conduct is serious and involved importing narcotics from out of state. He pleaded guilty to conspiring to possess with the intent to distribute heroin, cocaine, oxycodone and hydrocodone. [Record No. 83] He was found responsible for 29.53 grams of cocaine, 77.741 grams of heroin, 49 oxycodone 30 mg tablets, and 50 tablets containing hydrocodone.

Additionally, Blackman has a history of supervised release violations, including traveling out of the district without permission. [Record No. 408] In fact, he has traveled out of the district in violation of his supervised release conditions on two occasions. First, while not charged with leaving the district because he told his probation officer he was traveling for work, Blackman was stopped in Tennessee with a distributable quantity of marijuana. [Record No. 432, p. 21] Second, Blackman violated his conditions of supervised release when he traveled to Colorado without obtaining permission from his probation officer. [*Id*.] His history of supervised release violations and underlying offense conduct weigh against removing the two conditions of supervised release.

The Court also considers the need for the sentence "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). Here, Blackman has a repeated history of violating his conditions of supervised release. Keeping all conditions in place provides deterrence to prevent future violations and protects the public from future criminal conduct.

Additionally, the Court considers the need for training or treatment, the kinds of sentences and the sentencing range established for the offense committed, any pertinent policy statement, and consistency in sentences among similarly situated defendants. 18 U.S.C. § 3553(a)(2)(D), (a)(4)-(6). These factors are not particularly relevant in determining whether to remove the two conditions of release, and thus, do not weigh either in favor or against removing the conditions.

Even if the factors set forth in § 3553(a) supported modifying Blackman's conditions of release, his arguments concerning the impact of the two restrictions do not justify removing them. Blackman argues that the travel restriction and the electronic monitoring hinder his ability to travel for work and to see his son. However, the condition requiring Blackman to get permission to travel from his probation officer before leaving the judicial district where he resides does not prevent him from taking advantage of the opportunity to tour with popular artists or from visiting his son. Additionally, electronic monitoring does not impair Blackman's ability to travel if he first receives permission. Both conditions in issue here remain necessary to support the goals of supervised release.

Accordingly, it is hereby

**ORDERED** that Defendant Deandre Lamont Blackman's motion to modify the conditions of his supervised release [Record No. 476] is **DENIED**.

Dated: October 28, 2021.

                                                       <u>Danny C. Reeves, Chief Judge</u>
                                                      United States District Court
                                                      Eastern District of Kentucky